BOURJOIS SALES CORPORATION, Appellant, *v.* ABRAHAM DORFMAN, Respondent.

Argued January 11, 1937; decided March 9, 1937.

Mark Eisner, James F. Donnelly and Samuel Michelman for appellant. The established policy of the Court of Appeals, where the Supreme Court of the United States has spoken, is to act in harmony, even though this involves reversal of previous opinions; especially is this so where there is a general, noticeable legislative trend. (*Hinter-mister* v. *First Nat. Bank*, 64 N. Y. 212; *Grant* v. *Cananea Consolidated Copper Co.*, 189 N. Y. 241; *Klein* v. *Maravelas*, 219 N. Y. 383; *Fitzwater* v. *Warren*, 206 N. Y. 355; *Kings County Lighting Co.* v. *Newton*, 202 App. Div. 473; 235 N. Y. 599; *People* v. *Budd*, 117 N. Y. 1; *People* v. *Luhrs*, 195 N. Y. 377; *Matter of Weiden*, 263 N. Y. 107; *Radice* v. *New York*, 264 U. S. 292; *Hardebergh* v. *Ray*, 151 U. S. 112.)

Morris L. Ernst, Jerome N. Frank, Callman Gottesman and Harriet F. Pilpel for Doubleday, Doran & Company, Inc., *amicus curiæ*. When construing provisions of the State Constitution, the Court of Appeals has consistently attributed compelling effect, even in the face of its own prior contrary decisions, to the decisions of the United States Supreme Court construing analogous provisions of the Federal Constitution. The desirability of uniform-

ity in business practices, and the probative force attaching to decisions of the nation's Supreme Court, have dictated that attitude. (*People* v. *Budd*, 117 N. Y. 1; *People* v. *Luhrs*, 195 N. Y. 377; *Matter of Weiden*, 263 N. Y. 107; *Klein* v. *Maravelas*, 219 N. Y. 383; *People ex rel. Tipaldo* v. *Morehead*, 270 N. Y. 233.)

*W. H. Crichton Clarke* for American Booksellers' Association, *amicus curiæ*.

*Joseph J. Hammer* for New York State Pharmaceutical Association, Inc., *amicus curiæ*. The decision of the United States Supreme Court upholding similar enactments should be adopted as the law of this State. (*Matter of Weiden*, 263 N. Y. 107; *People* v. *Budd*, 117 N. Y. 1; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432; *Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270; *Sperry & Hutchinson Co.* v. *State*, 188 Ind. 173; *Midwestern Petroleum Corp.* v. *State Board of Tax Commrs.*, 206 Ind. 688; *Hammond Packing Co.* v. *State*, 81 Ark. 519; *State* v. *Ardoin*, 51 La. Ann. 169.)

*Leon Lautersiein, Melbourne Bergerman, Emanuel Dannett* and *Frances Kneitel* for respondent. State constitutional questions being involved, the Court of Appeals is not bound to follow the decision of the United States Supreme Court. (*Lynch* v. *New York*, 293 U. S. 52; *Glen* v. *Field Packing Co.*, 290 U. S. 177; *Des Moines Nat. Bank* v. *Fairweather*, 263 U. S. 103; *Terrace* v. *Thompson*, 263 U. S. 197; *Puget Sound Co.* v. *King County*, 264 U. S. 22; *Douglass* v. *Noble*, 261 U. S. 165; *Houck* v. *Little River Drainage District*, 239 U. S. 254; *Dreyer* v. *Illinois*, 187 U. S. 71; *Sterling* v. *Constantin*, 287 U. S. 378; *Chicago & N. W. Ry. Co.* v. *Dey*, 35 Fed. Rep. 866; *Commonwealth* v. *Beaver Dam Coal Co.*, 194 Ky. 34; *State* v. *Atlantic Coast Lines R. Co.*, 56 Fla. 617; *People* v. *Budd*, 117 N. Y. 1; *Towle* v. *Forney*, 14 N. Y. 423; *Old Dominion Copper Co.* v. *Bigelow*, 203 Mass. 159; *State* v. *Lothrops-Farnham Co.*, 84 N. H. 322.) The

Court of Appeals as well as other State courts has in many instances refused to follow the decisions of the United States Supreme Court, especially where the decisions of the latter tribunal conflict with previous adjudications by the highest State court. (*People ex rel. C. P., N. & E. R. R. R. Co.* v. *Willcox,* 194 N. Y. 383; *Towle* v. *Forney,* 14 N. Y. 423; *People* v. *Defore,* 242 N. Y. 13; *Johnston* v. *Compagnie Generale Transatlantique,* 242 N. Y. 381; *Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Mynard* v. *Syracuse,* 71 N. Y. 180; *Marsich* v. *Eastman Kodak Co.,* 244 App. Div. 295; 269 N. Y. 621, *Walsh* v. *Fitchburg R. R. Co.,* 145 N. Y. 301.)

*John C. Watson* for John G. Myers Co., Inc., *amicus curiæ.* The Supreme Court's decision that a State may, if it chooses to do so, go a long way toward authorizing price maintenance, without repugnance to the Federal Constitution has no bearing upon a State which has already found through its highest court that such a law cannot be sustained under the State's Constitution. (*Doubleday, Doran & Co.* v. *Macy & Co.,* 269 N. Y. 272; *People* v. *Gillson,* 109 N. Y. 389; *People ex rel. Moskowitz* v. *Jenkins,* 202 N. Y. 53.)

CRANE, Ch. J. The complaint in this action has been dismissed upon the authority of our decision in *Doubleday, Doran & Co.* v. *Macy & Co.* (269 N. Y. 272), decided January 7, 1936. Mr. Justice STEINBRINK at Special Term felt obliged to follow this case, although later, in the October term of the same year, the United States Supreme Court took a different view of the law in *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.* The justice was quite right as it is our duty to determine what we shall do with our former decision in the light of the more recent case.

In chapter 976 of the Laws of 1935 the Legislature undertook to prevent price cutting in the sale of commodities. In section 1 of the act a contract was declared to be legal which provides that a buyer of a commodity bearing the label, trade-mark, brand or name of the

producer, will not resell such commodity except at the price stipulated by the vendor. This was nothing new as such contracts were legal under court decisions.

Section 2, however, went much further, and read:

" § 2. Willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provision of section one of this act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

Doubleday, Doran & Company, Inc., the publisher, made a contract with Doubleday, Doran Book Shops, Inc., a seller and distributor, as to the price at which certain books could be sold. Later the publisher sold these books to R. H. Macy & Co. without any contract or restriction as to price or even a request for a contract. When Macy & Co. undertook to sell these books at its own figure, the publisher sought an injunction to compel Macy to sell the books at the price it had fixed with the other Doubleday corporation.

We thought this to be a clear case of unauthorized restriction upon the disposition of one's own property and unconstitutional within former decisions of the United States Supreme Court. That court has taken a different view in the case above mentioned, *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.* (299 U. S. 183) (Dec. 7, 1936). The Illinois Free Trade Act there under review is similar to our own. The complaint in this appeal now before us is in no way different from that before the Supreme Court under the Illinois act, so that we feel it to be our duty to submit our own judgment to the rulings of the Supreme Court on the Constitution of the United States and the interpretation of its own decisions. (*People ex rel. Tipaldo* v. *Morehead*, 270 N. Y. 233, 235.) True it is that the facts of the *Doubleday* case are much bolder than those in the *Seagram* case, and distinctions may be drawn, but these are matters of emphasis, not of principle.

The *Seeck & Kade, Inc.*, v. *Tomshinsky* case (269 N. Y. 613), decided at the same time on the authority of the *Doubleday* case, was similar to the *Seagram* case in that the facts establishing good will were set forth in full. Had the *Seagram* case been decided before argument in the *Doubleday* case we certainly would have followed the Supreme Court's ruling on the Federal Constitution. We do so now by sustaining the complaint in this case and reversing the order of the Special Term.

The judgment should be reversed and the motion denied, with costs in all courts.

LEHMAN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; O'BRIEN, J., dissents; FINCH, J., taking no part.

Judgment reversed, etc.