Anon Steuer, J.
This is an application for a temporary injunction pursuant to the Pair Trade Act (L. 1935, ch. 976, as amd.). The defendant did not sign any fair-trade agreement and the relief sought against it consequently is under section 2 of the act. Except as hereinafter noted, the allegations of sale below the price fixed in the fair-trade contract, and knowledge, are not denied. The defendant advances three reasons why a temporary injunction should not issue.
The first claim is that the notice of the existence of the contract is not sufficient. The act does not fix any particular form of notice and no notice at all is necessary except as a basis of proof that the defendant ‘1 knowingly ’ ’ made the sales complained of. The proof in this case shows that the defendant received a letter advising it of the existence of fair-trade contracts and inclosing a form of such contracts. The form was not dated or signed. Such a notice is quite sufficient under the statute. It should be noted that there is no requirement *779 that a dealer be advised of the existence of any particular contract; nor need the information given be on a level with that required in a bill of particulars. Defendant, after receiving the documents above stated, knew that the plaintiff had entered into contracts as described in the complaint, and that was all that the act requires that it should know.
The second objection is that the plaintiff did not comply with the terms of its contracts, and having itself failed to perform, cannot require performance from this defendant. The defendant admits that it is not a party to any such contract, but claims that it cannot be placed in a more onerous position than one who is a party. The particular breach relied upon is a provision in the agreements that the plaintiff will not sell to persons who have not signed fair-trade contracts, and defendant relies upon sales to it as the breach in question. Even if defendant were a party to the contract, it could not rely upon such a breach. Obviously, a sale to which it was a party was something in which it participated and, hence, consented to, and if that clause is effective in defendant’s favor, it cannot be disputed but that the performance of it was waived.
The third objection, while also technical, is by far the most serious. The complaint does not allege that the goods that were sold in violation of the provision of the statute were acquired by defendant subsequent to its acquiring knowledge of the agreements. This omission is sought to be minimized by the affidavits on this application. Facts are set out tending to show that the goods must necessarily have been acquired after that time. It is further pointed out that the defendant does not specifically claim that it did acquire the goods prior to notice. It is also claimed that if the goods were acquired prior to notice, this would be a matter of defense. None of these contentions is sound. As to the first two, the affidavits on this application cannot extend the complaint, nor can they supply any defect existing in it. The last contention, which is a matter of law, has not previously been determined. Nevertheless, it is difficult to see how any conclusion can be reached other than that the fact is an essential ¿negation. In an action against a signer of an agreement, plaintiff’s contention might be tenable, as a party may contract as to goods in his possession as well as to those he intends to buy. But here the rights of the plaintiff depend not on contract but on the provisions of the statute. The entire theory of the statute is that it applies only to merchandise acquired after knowledge. Were it otherwise, the statute would permit price-fixing by fiat, and it is *780 due to the fact that this is not the tenor of the statute that it is constitutional. (Old Dearborn Co. v. Seagram Corp., 299 U. S. 183.) Plaintiff acquires rights only where merchandise is sold which has been acquired after notice. As sale alone gives no rights, prior acquisition is an essential which cannot be avoided. For this reason, the motion must be denied, with leave to renew should the complaint be amended in this respect.
Settle order accordingly.
(On Motion for Reargument.)
Upon the foregoing papers, this motion for reargument is granted. The papers submitted contain conclusive proof that the same point was raised in the Appellate Division and determined as the moving party contends. There being no distinction of fact, the decision determines the practice. After reargument, the motion is granted. Bond $1,500. Settle order.