CLARENCE H. SCHIMPF, Doing Business as CROKER-EVANS SERVICE, Plaintiff, *v.* R. H. MACY & Co., INC., Defendant.

Supreme Court, Special Term, New York County, January 19, 1938.

*W. H. Crichton Clarke*, for the plaintiff.

*Leon Lauterstein*, for the defendant.

VALENTE, J.  Plaintiff brings this motion under rule 103 of the Rules of Civil Practice to strike out four defenses as frivolous, sham and irrelevant, and designated in the answer as the second, third, fourth and fifth defenses.  The action involves the enforcement of chapter 976 of the Laws of 1935 (McKinney's Unconsol. Laws, § 2201 *et seq.*), commonly known as the Fair Trade Act, which legalizes contracts providing for the fixing of prices at which commodities may be

sold in the market. The constitutionality of the act can no longer be questioned. It is now the settled doctrine of this State that this statute does not violate the fundamental law. The Court of Appeals in *Bourjois Sales Corp.* v. *Dorfman* (273 N. Y. 167), following the United States Supreme Court in *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.* (299 U. S. 183), overruled its previous decision in *Doubleday, Doran & Co.* v. *Macy & Co.* (269 N. Y. 272), and held as constitutional this statute making the sale of a commodity at less than the price stipulated in a contract actionable as unfair competition. This must now be accepted as law, even though the party doing the actual selling and sought to be enjoined is not a party to such contract. Defenses, therefore, which challenge the constitutionality of the act must necessarily fail.

The separate defenses designated third and fifth, which attack the act as void and as violative of the Constitution, must, therefore, be termed frivolous and ordered stricken out.

Substantially the second defense alleges that the contract is so uncertain and indefinite with reference to the provisions concerning " trade in allowances " that persons of common intelligence must resort to guessing as to the meaning and differ as to the application of these clauses. It is consequently urged to be unenforcible by injunction. While I believe that a more precise method regulating " trade in allowances " might be devised, yet I am of the opinion that the formula contained in the contract, if honestly applied, is not so indefinite as to be incapable of enforcement. The criterion established in the agreement for judging the value of a radio sought to be traded in appears to be not dissimilar from those employed in estimating the value of other types of merchandise and chattels. That defense should, therefore, be stricken out.

That leaves for consideration the fourth defense. Here the defendant explains that it attempted to maintain fixed prices and called upon the wholesale distributors who had set the prices to compel uniform observance; that no action was taken to compel defendant's competitors to sell at fixed prices with the result that selling continues at prices below those fixed; and that the defendant in order to protect its business was obliged to take the same course in order to meet competition. While I am not unmindful· of the fact that the defendant under the act could bring actions against those violating the statute, yet where an aggravating and inequitable situation of that kind exists it can hardly be said that it is frivolous to urge it before a court of equity. I think the defendant should be permitted to present the facts constituting the defense on the trial of the action.

The motion, in so far as it seeks to strike out the fourth defense, is denied. Settle order.