GUERLAIN, INC., Plaintiff, *v.* F. W. WOOLWORTH Co. (a Corporation) and NIPS, INC., Defendants.

Supreme Court, Special Term, New York County, February 3, 1939.

*Lewis G. Bernstein*, for the plaintiff.

*Davies, Auerbach & Cornell [Joseph S. Auerbach* and *Martin A. Schenck* of counsell], for the defendant F. W. Woolworth Co.

*Jeffery, Redmond, Escher & Murray [Joseph F. Murray* of counsel], for the defendant Nips, Inc.

CHURCH, J. The question presented by this motion is whether the defendants violate the provision of the New York Fair Trade Act and are chargeable with actionable unfair competition at the suit of the plaintiff.

Concededly plaintiff is a New York corporation and owns the trade-mark " Guerlain " and also the trade-marks constituting the trade names and the brands of the perfumes which it sells and distributes under such trade-marks. These perfumes are articles of standard quality in fair and open competition throughout the State of New York with commodities of the same general class produced by others.

There is no dispute over the fact that the plaintiff, pursuant to chapter 976 of the Laws of 1935 (which has come to be referred to as the Fair Trade Act), made contracts with retailers for the sale of its trade-marked products and promulgated price lists wherein the minimum prices at which one dram or less of its perfumes should be sold at retail were fixed as follows: For its Shalimar perfume plaintiff fixed the price of one dollar and sixty cents for one dram or less; for L'Heure Bleue perfume one dollar for a dram or less, and for Vol de Nuit perfume one dollar and twenty-five cents for a dram or less. The defendant F. W. Woolworth Co. was notified of such contracts and price list. The plaintiff alleges and it is not denied that the defendant F. W. Woolworth Co. at its various retail

stores, commonly designated as " 5 and 10 Cent Stores," sells a product purporting to be genuine Guerlain perfume put up in packages bearing the inscription: " Nips — Perfume — Genuine French Extracts — Guerlain's Shalimar — Rebottled by Nips, Inc., N. Y. — Wholly independent of Guerlain." Each package contains a small glass vial or ampule containing a very small quantity comparable to approximately one drop of perfume, and is sold at retail for ten cents. The quantity is much less than one dram, and plaintiff in this action seeks to restrain the defendant F. W. Woolworth Co. from selling the container for less than the minimum price fixed by the plaintiff for one dram or less of the particular perfume. These glass vials or ampules contained in the packages are made by the defendant Nips, Inc., which, under patents owned by it, refills the vials or ampules with plaintiff's perfumes and in turn sells them to the defendant F. W. Woolworth Co. The plaintiff's allegation that the defendant Nips, Inc., was informed of the plaintiff's fair trade contracts and price lists is not denied. It is apparent that defendants' acts tend to cause and will cause dealers with whom the plaintiff has contracts to break such agreements and that the acts of the defendants threaten and have caused damage to plaintiff's trade-marks in that the sale of perfumes purporting to be those of the plaintiff at such low prices causes a lack of prestige and calls into question the value and merit of plaintiff's products.

The defendants argue that because the aggregate price of the vials or ampules of rebottled perfume at ten cents each necessary to make up a dram exceeds in retail price the minimum price fixed by the plaintiff for one dram, they are not violating the Fair Trade Act. However, the minimum price fixed by the plaintiff is for " one dram or less."

The plaintiff, in a second cause of action, alleges that the perfume sold in the vials or ampules by the defendants is not the genuine Guerlain perfume of the plaintiff, but that the defendant Nips, Inc., which engages in refilling the vials with what is allegedly genuine perfume, causes the same to be essentially changed and deteriorated. This change comes about not only because of the deleterious effect upon the perfume of the lead glass of which the vials or ampules are composed, but also because of the method used to fuse the glass at the ends of the vial, which causes changes to take place in the perfume itself so that the same proportion of alcohol to other ingredients is not present in the rebottled perfume as is present in plaintiff's genuine product. The plaintiff, accordingly, in this action against the defendants seeks an injunction and damages, and by the present motion seeks to restrain and enjoin

the defendants *pendente lite* from selling and distributing perfumes purporting to be those of the plaintiff at less than the prices fixed by the plaintiff and from selling and distributing as plaintiff's products merchandise which is not genuine.

The Fair Trade Act (Laws of 1935, chap. 976) provides in section 2 thereof that "Wilfully and knowingly * * * offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provision of section one of this act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby." The constitutionality of this act has been established. (*Bourjois Sales Corp.* v. *Dorfman*, 273 N. Y. 167.) The object of the act is the protection of the trade-mark, that is, of the property, namely, the good name and good will, of the producer. The price restriction has been adopted as an appropriate means to that perfectly legitimate end. (*Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.*, 299 U. S. 183.)

The defendants do not deny that the carton or box containing the ampule of perfume contains the legend " Genuine French Extracts — Guerlain's Shalimar — Rebottled by Nips, Inc., N. Y. — Wholly independent of Guerlain." They deny that the rebottled perfume is sold under the trade-mark or brand or name of the plaintiff. This denial is of little force in view of the wording upon the package inclosing the glass vial. The legend " rebottled by Nips, Inc.," does not destroy the force of the words "Guerlain's Shalimar," or whatever brand of perfume of the plaintiff is mentioned. The unmistakable meaning and import of the label is that the package contains genuine Guerlain's perfume of the particular brand. That the commodity is being sold under plaintiff's brand or name admits of no argument.

The defendants rely principally on the case of *Prestonettes, Inc.,* v. *Coty* (264 U. S. 359). That action did not involve the construction of any fair trade statute. As the Supreme Court of the United States said (p. 369): " This is not a suit for unfair competition. It stands upon the plaintiff's rights as owner of a trade-mark registered under the Act of Congress." In that case the Supreme Court of the United States decided that, under the National Trade-Mark Act, Coty could not prevent Prestonettes, Inc., from buying the former's genuine perfume and selling it in smaller bottles as rebottled by the latter corporation so long as the label on the rebottled perfume bore the legend with every word in letters of the same size, color, type and general distinctiveness: " Prestonettes, Inc., not connected with Coty, states that the contents are Coty's

(giving the name of the article) independently rebottled in New York." The court said (p. 368): " A trade-mark only gives the right to prohibit the use of it so far as to protect the owner's good will against the sale of another's product as his."

The Fair Trade Act has extended protection to a producer in cases of unfair competition beyond the limits of the *Coty* case, and if the act is too drastic modification may be made by the Legislature and by the Legislature alone.

The Supreme Court of the United States, upholding the constitutionality of the Illinois Free Trade Act, which is similar to the New York statute involved here, decided that section 2 of the Illinois act (which is identical with section 2 of chapter 976 of the Laws of 1935 of New York), " does not deal with the restriction upon the sale of the commodity *qua* commodity, but with that restriction because the commodity is identified by the trade-mark, brand or name of the producer or owner. The essence of the statutory violation then consists not in the bare disposition of the commodity, but in a forbidden use of the trade-mark, brand or name in accomplishing such disposition." The court points out (299 U. S. 193): " The primary aim of the law is to protect the property — namely, the good will — of the producer, which he still owns. The price restriction is adopted as an appropriate means to that perfectly legitimate end, and not as an end in itself."

Section 2 of the New York Fair Trade Act is not so arbitrary, unfair or wanting in reason as to result in a denial of due process. Nor does it deny equal protection of the laws. It is, however, a proper restriction upon the owner of a commodity from selling that commodity with the aid of the good will of the manufacturer or producer. It does not prevent the purchaser of a commodity from removing the brand from the commodity — thus separating the physical property, which he owns, from the good will, which is the property of another — and then selling the commodity at his own price provided he can do so without utilizing the good will of the latter as an aid to that end. (*Old Dearborn Distributors Co.* v. *Seagram-Distillers Corp.*, supra; *Bourjois Sales Corp.* v. *Dorfman*, 273 N. Y. 167.)

Obviously, in the present case the defendants are utilizing the good will of the plaintiff as an aid to selling the perfume. If they are not, what necessity is there for specifying on the container that " Guerlain's Shalimar " or " Guerlain's L'Heure Bleue " is being sold. The complaint here is not that the particular perfume is sold at a low price but that plaintiff's perfume is being sold under plaintiff's trade name and brand at a price lower than that fixed for one dram or less by the plaintiff in its fair trade contracts. A,

fraction of a dram is being sold for less than the fixed minimum price.

A similar situation was presented in the case of *Devoin* v. *Grant* (decided by the Superior Court of California, Los Angeles county, on February 11, 1938). There the plaintiff, an exclusive distributor for Guerlain products in the State of California, entered into contracts and established prices under the Fair Trade Act of California. The defendant, operating a chain of retail stores, having been notified of such contracts and the prices stipulated therein, sold and offered for sale the products of the plaintiff at prices less than the established minimum price. Section 1½ of the California law is identical with section 2 of the New York law. The California court, holding that the price-fixing contracts entered into by the plaintiff and other dealers designated the same price for any fraction of a dram as for a full dram of Guerlain perfumes, sustained the validity of the complaint in the action before it and granted a preliminary injunction. The facts there are almost identical with the facts presented here. The New York Fair Trade Act (Laws of 1935, chap. 976) makes " offering for sale or selling any commodity at less than the price stipulated " unfair competition against which the plaintiff is entitled to be protected.

The motion for an injunction *pendente lite* is granted against both defendants. The amount of the bond will be fixed in the order upon proof being furnished on that point. The cross-motion by the defendant Nips, Inc., for an injunction and for judgment on the pleadings dismissing the complaint, is denied. The motion to dismiss the complaint and for judgment on the pleadings made by the defendant F. W. Woolworth Co. is denied for the foregoing reasons. Settle order.