## JAMES HEDDON'S SONS v. CALLENDER.

No. 68.

District Court, D. Minnesota, Third Division.

Aug. 3, 1939.

Bruce W. Sanborn, of St. Paul, Minn., and Banning & Banning, of Chicago, Ill., for plaintiff.

Callender & Luxford, of St. Paul, Minn., for defendant.

SULLIVAN, District Judge.

The complainant alleges that its trade-marked and branded articles were advertised, offered for sale and sold in the State of Minnesota and elsewhere by the defendant after he received notice of the existence of the negotiation of certain Fair Trade contracts by the plaintiff with retailers in the State of Minnesota.

The complaint does not show that the said merchandise, which was sold by the defendant, was acquired by him after notice of said Fair Trade agreements existent in the State of Minnesota. A failure to set out such an allegation does not result in a defective pleading, although the Court in Seagram-Distillers Corporation v. Seyopp Corporation, Sup., 2 N.Y.S. 2d 550, 552, took a different view. Such matter is defensive and may properly be set forth in the answer.

The time for answering by the defendant expires August 7th, 1939. However, defendant has filed an affidavit in opposition to the application for a temporary injunction, and therein avers all his stock of merchandise bearing the plaintiff's trade-mark and brand was acquired or contracted for before he had any notice or knowledge of the existence of any of plaintiff's Fair Trade contracts in the State of Minnesota.

The defendant is not a party to a Fair Trade agreement with plaintiff, and only becomes amenable upon violation of the terms and conditions thereof to the provisions of Section 2, Chapter 117, 1937 Session Laws of Minnesota, after receiving notice of the existence of such contracts.

The cases to which the Court's attention has been directed (the courts of Minnesota not having considered the question) make the retailer subject to the provisions of a statute identical to the Minnesota statute, in respect to violations of a Fair Trade agreement only as to merchandise acquired by the retailer subsequent to the time he received notice of the existence of said agreement.

The court said in Seagram-Distillers Corporation v. Seyopp Corporation, supra: "The entire theory of the statute is that it applies only to merchandise acquired after knowledge". See, also, Bourjois Sales Corporation v. Dorfman, 273 N.Y. 167, 7 N.E.2d 30, 110 A.L.R. 1411; Old Dearborn Dist. Company v. Seagram Dist. Corporation, 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. 109, 106 A.L.R. 1476; Griffin Mfg. Co., Inc., v. J. Rothstein & Sons, Inc.,[1] N.Y.Sup.Ct.1938; Oneida, Ltd. v. Macher Watch Co., Inc.,[1] N.Y.Sup.Ct. 1938.

It appears that other retailers in the City of St. Paul, the location of defendant's business, are, to the present knowledge of defendant, violating the provisions of plaintiff's Fair Trade contracts. The plaintiff seeks by this proceeding to compel the defendant to adhere to the provisions of its contracts. No action has been instituted by the plaintiff against the other claimed offenders. While the wrongdoing of other retailers is no defense of wrongdoing on the part of the defendant, if discrimination is practiced in the acquiescence of the plaintiff in violations of its contracts by other retailers, a situation would be created depriving the plaintiff's cause herein of equity. See Lentheric, Inc. v. Weissbard et al., 122 N.J.Eq. 573, 195 A. 818.

In view of all the circumstances it is my thought that the order for a temporary injunction should be limited and apply only to such merchandise as was acquired by the defendant subsequent to the date of receiving notice of the existence of plaintiff's Fair Trade contracts in Minnesota.

---

[1] No opinion for publication.