CONTINENTAL DISTILLING SALES COMPANY, INC., Appellant, *v.* FAMOUS WINES & LIQUORS, INC., Respondent.

First Department, June 21, 1948.

*Horace S. Manges* of counsel (*Jacob F. Raskin* with him on the brief; *Weil, Gotshal & Manges,* attorneys), for appellant.

*Julian Jawitz* for respondent.

*Per Curiam.* The complaint alleges that plaintiff is the exclusive sales agent for the State of New York of alcoholic beverages produced by the distiller under brand names; that plaintiff's predecessor and assignor was authorized by the distiller to fix minimum resale prices and enter into agreements with retailers in the State of New York pursuant to the New York Fair Trade Law (General Business Law, art. XXIV-A); that plaintiff's predecessor and assignor entered into such an agreement with defendant, which agreement is still in full force and effect; that plaintiff has been authorized by the distiller to fix minimum resale prices and enter into agreements with retailers in the State of New York pursuant to the New York Fair Trade Law, and to take all measures necessary to enforce pre-existing agreements. The complaint asks that defendant be enjoined from selling the beverages involved at less than the minimum retail prices stipulated.

The court at Special Term granted defendant's motion to dismiss the complaint for insufficiency on the ground that only the owner of the brand name business, and not an exclusive sales agent, may designate resale prices under the Fair Trade Law. We do not read the statute as being so limited in its contemplation. No such limitation is expressed in the statute or implicit in its purpose. We think that an exclusive sales agent, authorized by the owner, is entitled under the law to designate resale prices and exercise the authority granted by the law. The complaint here is substantially similar to the complaint in *Bourjois Sales Corp.* v. *Dorfman* (273 N. Y. 167) and is sufficient.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion denied, with leave to the defendant to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

PECK, P. J., DORE, CALLAHAN and SHIENTAG, JJ., concur; COHN, J., dissents and votes to affirm.

Order reversed, with $20 costs and disbursements to the appellant, and the motion denied, with leave to the defendant to answer within ten days after service of order, with notice of entry thereof, on payment of said costs. Settle order on notice.