L & P ELECTRIC Co., INC., Plaintiff, *v.* E. J. KORVETTE, INC., Defendant.

Supreme Court, Special Term, New York County, June 1, 1962.

*Morton Gitter* for defendant. *Austin A. Laber* (*Mudge, Stern, Baldwin & Todd* of counsel), for plaintiff.

Owen McGivern, J. Defendant moves for dismissal of the complaint for legal insufficiency. The action based upon section 369-b of the General Business Law is brought for a permanent injunction restraining defendant from selling air conditioners manufactured by the Fedders Corporation, below the minimum prices fixed by plaintiff. Plaintiff claims status as an exclusive distributor of the maker of the trade-marked product. The complaint alleges plaintiff had been granted authority to institute a fair trade program in the counties of New York, Kings, Queens, Bronx, Westchester, Nassau and Suffolk, which it undertook to do. It further alleges a fair trade program has been instituted in all of the other counties of New York State, pursuant to agreements similar in form, with five other distributors of its products in New York State, and that the "minimum retail resale prices set by each of said dealers * * * are the same as those set by plaintiff in the counties for which it has sole and exclusive responsibility". A fair and liberal construction of the complaint to which plaintiff is entitled requires that the foregoing allegations of its complaint be read in the light of paragraph 2 of the agreement between plaintiff and the Fedders Corporation which it is alleged is substantially the same type of agreement had with the other five distributors. This paragraph reads as follows: " 2. The minimum retail resale prices designated by Distributor will be the same as those stipulated by Manufacturer and Distributor will set such prices only with respect to such products of the Manufacturer as are designated by it."

The effect of the foregoing provision is to require the distributor to set as the minimum retail prices only such prices as are designated by the manufacturer; also, to preclude the establishment of a minimum retail resale price with respect to products for which the manufacturer has not set a resale price. Under the terms of the foregoing provision, it is clear that plaintiff, in effect, pleads that each of the distributors has set forth as a minimum price for the retail resale of its products the price uniformly vertically established by the producer. There is no presumption that people violate their legal obligations, hence it may not be assumed that the uniform prices " set by each of said dealers " was a price either below or in excess of that established by the manufacturer. Neither is there justification for any assumption that the minimum price was not uniformly set forth for each distributor and that the similarity of prices set by the other five distributors was the result of horizontal price fixing violative of the Sherman Anti-Trust Law (U. S. Code, tit.

15, §§ 1-7) and the Donnelly Act of this State (General Business Law, § 340).

There is no merit to defendant's contention that a distributor has no status to maintain an action of this character. (See *Continental Distilling Sales Co.* v. *Famous Wines & Liquors,* 273 App. Div. 713). Section 369-b of the General Business Law defines price cutting on a price-maintained trademarked product as unfair competition and creates a cause of action therefor in favor of " any person damaged thereby ". (See *Port Chester Wine & Liquor Shop* v. *Miller Bros. Fruiterers,* 281 N. Y. 101.)

Defendant's further claim that the retail price sheet prepared by plaintiff, which appears as Exhibit C attached to the complaint, is unenforcible because it contains a provision whereby the minimum retail prices shall not be deemed applicable to sales made by plaintiff " to its affiliated companies ". A justifiable reading of this reservation warrants an interpretation that plaintiff was stating the obvious, namely, that the Fair Trade Law does not apply to sales not made at retail, and an interpretation, as a matter of law that plaintiff was free to sell at retail Fedders products through its affiliated companies at prices below the designated minimum price lists is wholly unwarranted.

If there is an obstacle to the enforcibility of this action, it does not appear on the face of the complaint.

The motion to dismiss the complaint for failure to state a cause of action is denied.