L & P ELECTRIC Co., INC., Appellant, v. E. J. KORVETTE, INC., Respondent.

First Department, June 19, 1962.

*Milton Black* of counsel (*Mudge, Stern, Baldwin & Todd* with him on the brief; *Austin A. Laber,* attorney), for appellant.

*David Rayvid* for respondent.

*Per Curiam.* Plaintiff-appellant (herein plaintiff) as one of seven exclusive wholesale distributors of Fedder products for a specified geographical area within New York State, seeks an injunction *pendente lite* to restrain defendant from selling certain of such products below the established fair-trade price.

Plaintiff alleges in its complaint that as such exclusive distributor it, and the other distributors, by written agreements dated September 1, 1961, were expressly authorized to institute a fair-trade program with respect to certain Fedder products, and required to take all steps necessary to enforce such programs. There is no dispute that plaintiff has instituted such program and moved vigorously to enforce it, nor is it denied that defendant is selling below the fixed prices.

While it has been held that an exclusive State-wide distributor, when authorized by the owner to fix fair-trade prices, may maintain an action for an injunction against price cutting (*Continental Distilling Sales Co.* v. *Famous Wines & Liq.*, 273 App. Div. 713; see, also, *Norman M. Morris Corp.* v. *Hess Bros.*, 243 F. 2d 274), even against one who has not signed such a contract (*Bourjois Sales Corp.* v. *Dorfman*, 273 N. Y. 167), there is a paucity of appellate expression in this State when the area of the distributor involved is less than State-wide.

Judicial notice may be taken of the fact that the area for which plaintiff holds the exclusive franchise is extensive and equal to that included within the boundaries of some States. Upon the facts of this case, the purposes of the act being considered (*Guerlain, Inc.,* v. *F. W. Woolworth Co.*, 297 N. Y. 11, 17), no valid reason appears why the relief sought should not be granted. Nor is *Faber, Coe & Greg, Inc.,* v. *E. J. Korvette, Inc.* (N. Y. L. J., Sept. 28, 1956, p. 6, col. 5), relied on by defendant, to the contrary. The complaint in that case did not allege that plaintiff was an exclusive distributor, such an averment appeared only in its brief. The court pointed out the complaint was insufficient and the brief could not cure it.

Accordingly, the order appealed from should be reversed on the law and the motion for a temporary injunction granted, with costs to the appellant conditioned upon the plaintiff furnishing a substantial undertaking, the amount thereof to be determined upon submission of the order. Settle order on notice.

Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ., concur.

Order entered on May 16, 1962 unanimously reversed on the law, with $20 costs and disbursements to the appellant and the motion for a temporary injunction granted conditioned upon the plaintiff furnishing a substantial undertaking, the amount thereof to be determined upon submission of the order. Settle order on notice.