Meier Steinbrink, Spec. Ref.
This is an action for a judgment declaring the ¡rights and obligations of the parties. The action is by a person claimed to have been injured in an áccident involving the automobile owned by one Kyser and driven by one Brownlee. While these individuals and the owner and operator of another vehicle claimed to have been involved in the accident have been named as defendants, they have not been served and have not appeared. Services only was made upon defendant Employers Mutual Casualty Insurance Company hereinafter referred to as 1‘ Employers ’ ’ and upon the defendant Motor Vehicle Accident Indemnification Corporation hereinafter referred to as “ MVAIC ” and these defendants interposed answers ¡and defended at the trial.
The facts are nqt in dispute. At the time of the accident Kyser was the owner of the automobile licensed in Iowa but then driven in Brooklyn by Brownlee. Kyser was not in the automobile; he had loaned it to Brownlee. Kyser (or Keyser, as appears in the answer) had a policy of liability insurance issued to him in Iowa by defendant “ Employers ” which purported to cover anywhere in the United States. This policy had an indorsement issued in Iowa which — so far as material here — by its terms does not afford coverage to the owner because at the time of the accident he was not the driver nor accompanying the driver. If there were no coverage here then this would be a case of ‘ ‘ no insurance ’ ’ and the defendant “MVAIC” might!be liable. “MVAIC,” however, maintains that there is coverage by defendant 11 Employers ’ ’ in favor of the owner of the vehicle. Its position is that: (1) Under subdivision 1 of section 388 of the Vehicle and Traffic Law, the owner of a vehicle operated in New York State is liable for injuries to persons or property by any person using or operating the vehicle with the permission of the owner; and (2) that by subdivision 4 of section 388 all policies of insurance issued to the owner of any vehicle subject to the provisions of section 388 shall contain a provision for indemnity against the liability and responsibility provided in this section; and (3) since the policy, by its terms, covered anywhere jin the United States, it necessarily covers New York State arid must be construed as though it contained a provision for indemnity against the liability provided in subdivision 1 of section 388.
There does not, seem to be any doubt that the owner of an out-of-State vehicle which is involved in an accident in New York State is liable under subdivision 1 of section 388. Simply stated, the issue is: Does the provision for coverage of the owner against liability under section 388 of the Vehicle *55 and Traffic Law afford protection to the owner of a foreign vehicle temporarily operated with his permission in the State of New York when the policy of insurance issued to him in the foreign State excludes such coverage because he was not driving or accompanying the driver? I can find no reported case decisive of this question nor have counsel cited any. Hinchey v. Sellers (7 N Y 2d 287), relied upon by “ MYAIC ”, is clearly inapplicable.
Unquestionably, had the policy been issued and delivered in New York State or upon a vehicle principally garaged or principally used in this State, there would be coverage where the vehicle was being used with the owner’s permission (Insurance Law, § 167, subd. 2). However, the proof here is that the policy of insurance and the endorsement were issued in Iowa and the vehicle was not principally garaged or principally used in New York State. Under these circumstances the New York statute is not applicable and the terms of the policy of insurance — valid in Iowa where issued — govern. Under the unambiguous provisions of the policy there is no coverage here because the owner was not the driver nor accompanying the driver at the time of the accident. That was the contract of insurance and the court cannot change its terms or impose other conditions in the absence of statutory authority. Accordingly, there will be judgment so declaring the rights of the parties, but without costs.