Meier Steinbrink, Spec. Ref.
The question here presented is not a new one. Plaintiff’s counsel, with commendable frankness, has submitted a brief in which he has set forth his claims.
The defendants operated a marina at the foot of 26th Avenue, which leads into Gravesend Bay, adjacent to Coney Island. They there had accommodations for pleasure boats to the extent of about 225 in number. The plaintiff owned a 28-foot boat, the Rennie Lynn. The plaintiff obtained from the defendants the privilege of mooring his boat, I think it was stated, at slip No. 26.
Plaintiff’s counsel has submitted a brief. I have read it carefully, considered it and have gone even further in my own research.
He argues that the plaintiff rented wharfage from the defendants. That is not entirely accurate. What he obtained was the privilege of mooring his boat at a space which was assigned to him.
Referring to the case of Blank v. Marine Basin Co. (178 App. Div. 666) which was decided here in the Second Department, the plaintiff’s counsel in his brief says: “It is respectfully submitted that the position of the Court in that case is today an anachronism due to prevailing conditions in the widespread use of boats.” Furthermore, he says in his brief: “ If wharfage is a privilege in 1965, then it is time that this privilege be re-examined.”
Further on he refers to the increase in the number of boats that are licensed in the State of New York, and also to an increase in the sale of boats at the New York Boat Show. There is no evidence of that, but I am going to assume, for the purpose of this decision, that what he says is the fact.
After referring to this increase in the number of licensed boats and the larger sales at the Boat Show, he says: “ These facts warrant a re-evaluation of the legal obligations of marina owners in bailment cases.” He cites one case written by a *501 Civil Court Judge — at that time I think it was the City Court —which never went up and which we need not bother ourselves either in agreement or disagreement. That was the case of Sherber v. Kinney System (42 Misc 2d 53). That was wholly different. That was a case where an automobile was parked within a lot of the Kinney System.
His request for a change by me of the law is couched in simple language. In his brief he says: “ An opportunity is now given to this Honorable Court to remedy this injustice.”
In other words, what plaintiff’s counsel says is that I, sitting in the first instance in the trial of this case, should ignore the Blank case in the Appellate Division of this Department and should overrule them and change the law.
For me to do anything of that kind would, in my opinion, be most temerarious.
Further in his brief, counsel says: “In 1917” this is the time when the Blank case was decided “ the court might have been justified in maintaining that wharfage was a privilege when only the wealthy could afford boats.”
Our courts do not distinguish between the wealthy and those less forunate, for there are many who are not persons of wealth who own boats, perhaps not a 28-foot boat, but smaller boats, for which they get the privilege of tying up at some of these slips.
Further on in counsel’s brief — and nothing that I say is any criticism. I have already said that he states his position with commendable frankness — he says, “It is time that the responsibilities of mooring slip owners be broadened so that a bailor can reasonably expect more than the mere privilege of docking his boat.”
I have in mind very well a somewhat parallel case, which, however, has nothing to do with the privilege of mooring boats. In 1935 the New York Court of Appeals held unconstitutional the Feld-Crawford Act [L. 1935, ch. 976, as amd.]. That was in the Doubleday [Doubleday Doran & Co. v. Macy & Co., 269 N. Y. 272] case. A few weeks later the identical question was presented to the United States Supreme Court and that court held that this act, coming to it from a Western State, was constitutional. Thereupon, a motion came before me at Special Term in the case of Bourjois v. Dorfman in December of 1936 [Bourjois Sales Corp. v. Dorfman, 273 N. Y. 167], and counsel, with perfect frankness, asked me please to follow our Court of Appeals and to again hold that the Feld-Crawford Act in New York was unconstitutional. I did so, with guarded language, and in the course of my opinion in the New York Law *502 Journal of December 16, 1936 I said: “In the interest of orderly procedure there is no choice left to Special Term but to follow and respect the decision of the highest state court, and while it may be the duty of such court to yield to the view of the United States Supreme Court, nevertheless it is for the Court of Appeals to change its pronouncement, if it deems such a course advisable.”
Having held as I did at Special Term, following the Court of Appeals, that it was unconstitutional, the case went directly to the Court of Appeals, and I take pride in the fact that in the opening paragraph of the opinion in that case, in Bourjois Sales Corp. v. Dorfman (273 N. Y. 167, 170, supra), Chief Judge Crane said the following: “ The complaint in this action has been dismissed upon the authority of our decision in Doubleday Doran & Co. v. Macy & Co. (269 N. Y. 272), decided January 7, 1936. Mr. Justice Steinbrink at Special Term felt obliged to follow this case, although later, in the October term of the same year, the United States Supreme Court took a different view of the law in Old Dearborn Distilling Co. v. Seagram-Distillers Corp. [299 U. S. 183]. The justice was quite right as it is our duty to determine what we shall do with our former decision in the light of the more recent case.”
So if I may appear a little conceited, I will be forgiven.
I am not going to reverse our Appellate Division in the Second Department in the Blank case. It is the duty of a Trial Justice in the first instance to follow either the ruling of an Appellate Division or Court of Appeals, if it goes there.
On this basis there must necessarily here be judgment for the defendant dismissing the complaint on the merits.
* * * There is no negligence here. This is not on the theory of negligence; it is on the theory of bailment. Now, of course, where there is a bailment there is an element of negligence, if there be a bailment. But there was no bailment here. Here it was nothing more nor less than a privilege. Let judgment be entered accordingly.