William G. Giaccio, J.
In this action for a permanent injunction, based upon section 369-b of the General Business Law, plaintiff moves for an injunction pendente lite restraining defendant from selling products bearing the trademark 1 ‘ Carrier ’ ’ at prices below the stipulated fair trade contract price.
The complaint alleges that the plaintiff, pursuant to section 369-a of the General Business Law, instituted a fair trade program in the area of its dealership, stipulating by contract with its retailers the minimum resale price for its products. Plaintiff is the exclusive distributor of Carrier products in the City of New York and in the adjoining counties of Nassau, Suffolk, Westchester and Putnam. It does not claim to be the owner or the producer of the trademarked product, nor does it claim that the owner specifically authorized it to initiate the resale price maintenance contracts.
Defendant, a retailer in the area of plaintiff’s dealership, is claimed to have consciously disregarded the price maintenance provisions by knowingly selling the fair-traded products at prices substantially lower than the stipulated minimum price. Defendant is not a signatory to any fair-trade contract.
The New York Pair Trade Act provides that the willful sale of a trade-marked commodity at a price less than that fixed in a valid fáir price maintenance program constitutes the tort of unfair competition, regardless of whether the offending retailer is a party to any contract stipulating the resale price. (General *351 Business Law, § 369-b; General Elec. Co. v. Masters, Inc., 307 N. Y. 229; Port Chester Wine & Liq. Shop v. Miller Bros. Fruiterers, 281 N. Y. 101; Bourjois Sales Corp. v. Dorfman, 273 N. Y. 167.) An action to restrain the commission of such tort may properly be maintained by an exclusive distributor. (L & P Elec. Co. v. E. J. Korvette, Inc., 16 A D 2d 479; Continental Distilling Sales Co. v. Famous Wines & Liqs., 273 App. Div. 713.)
The sale of a trade-marked commodity at less than the fair-trade price becomes the actionable tort of unfair competition only when there exists a valid price maintenance program, initiated by one who is authorized by statute to establish resale prices. The New York Fair Trade statute authorizes the “ vendor ” of the trade-marked commodity to fix resale prices. (General Business Law, § 369-a.) Case law has construed the word “vendor” to include: the owner of the trade-mark (Guerlain, Inc. v. Woolworth Co., 170 Misc. 150); the producer of the commodity (Lucien Lelong, Inc. v. Mohr & Co., 169 Misc. 560); the manufacturer of the trade-marked item (Guerlain, Inc. v. Woolworth Co., 297 N. Y. 11); an exclusive distributor for the entire State of New York, authorized by the owner to fix minimum resale prices (Continental Distilling Sales Co. v. Famous Wines & Liqs., supra); an exclusive distributor for the metropolitan area, authorized by the owner to institute a fair trade program (L & P Elec. Co. v. E. J. Korvette, Inc., 35 Misc 2d 399, 16 A D 2d 479; Emerson Radio & Phonograph Corp. v. Standard Appliances, 201 Misc. 821); and one who holds the sole and exclusive right to use the trade-mark and owns the business and goodwill of the trade-mark in the State of New York (Bourjois Sales Corp. v. Dorfman, supra). An ordinary distributor in New York, however, is not within the contemplation of the word “vendor” and without authority to institute a fair-trade program. (Faber, Coe & Greg v. E. J. Korvette, Inc., N. Y. L. J., Sept. 28,1956, p. 6, col. 5; Automotive Elec. Serv. Corp. v. Times Sq. Stores Corp., 175 Misc. 865.)
Plaintiff is neither an ordinary distributor, nor an exclusive distributor with owner-authorization. The question of the authority of an exclusive distributor, absent owner-authorization, to establish resale prices, and thus the question of its status as a “ vendor ’ ’ within the meaning of the statute, appears not yet to have been decided by the New York appellate courts. In the case of Morris Corp. v. Hess Bros. (243 F. 2d 274), the Third Circuit Court of Appeals held that under the relevant Pennsylvania statute, which likewise specifies “ vendor ” as the stipulator of resale prices, an exclusive distributor *352 for the United States is impliedly authorized by the owner of the trade-mark to set the resale price. The court reasoned that the purpose of .the Fair Trade Act is to protect the goodwill inherent in a trade-marked brand from a diminution in value by uneconomic practices; that, although the persons most often affected would be the owner or producer, the exclusive distributor for a large area would he affected quite seriously by a lessening of the value of the goodwill inherent in the trade-mark.
The Court of Errors and Appeals of New Jersey, in approaching the issue, viewed it not as one of owner-authorization but as a question of statutory construction of the word ‘ ‘ vendor ’ ’. The court authorized an ordinary distributor to set resale prices regardless of owner-authorization; it stated, since no contrary intention appears, the word ‘ ‘ vendor ’ ’ should he given its ordinary accepted meaning and should not be construed as limited to a particular class. (Schenley Prods. Co. v. Franklin Stores Co., 124 N. J. Eq. 100.)
In the absence of a clear New York appellate statement on this point, this court is disinclined to import into the statute a limitation of the word “ vendor ” to exclude an exclusive distributor for a large area who would otherwise fall within the vendor cate^gory and within the purview of the Fair Trade Act. Considering the area of plaintiff’s exclusive franchise, which is extensive and equal to that included in the boundaries of some States (L & P Flee. Co. v. E. J. Korvette, Inc., 16 A D 2d 479, supra), plaintiff would certainly be .seriously and adversely affected by the collapse of its price maintenance program.
Accordingly, plaintiff’s motion for a preliminary injunction is granted. The court will accept written suggestions from counsel as to the amount of the undertaking at the time the order is presented for settlement.